THERESA COHEN, Plaintiff, *v.* NEW AMSTERDAM CASUALTY COMPANY, Defendant.

Supreme Court, Kings Special Term, May 13, 1925.

Insurance — burglary insurance — action to recover on policy of burglary insurance for loss arising from theft — insurance policy transferred to plaintiff by her husband with consent of defendant insurance company without exceptions as to warranties contained in prior policy with respect to experiences of assured — warranties in prior policy applicable to assured on transfer — defenses founded on various warranties relating to " assured named " in policy referred to in complaint sufficient in law.

A policy of burglary insurance, originally issued to plaintiff's husband and by him transferred to said plaintiff with the consent of the defendant insurance company, to which is attached a rider providing that the insurer's consent was " subject, however, to all the conditions, agreements and limitations of the policy except as herein specifically provided," includes all the terms contained in the prior policy as warranties of the plaintiff with respect to whether she had had any insurance declined or canceled or had suffered loss by burglary within five years, in the absence of any exceptions to alter the effect of the " subject " clause.

Defenses relating to the " assured named " in the policy referred to in the complaint, founded upon various warranties claimed by the insurer to still exist, notwithstanding the transfer of said policy are sufficient in law apart from the form the proof may take under the pleading, since the " assured named " is the plaintiff, who by force of the consent of the insurer and rider containing the " subject " clause, has superseded the original assured.

MOTION by plaintiff under rule 109 of the Rules of Civil Practice to strike out the second and third defenses of the answer as being insufficient in law.

*David M. Palley,* for the plaintiff.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the defendant.

CARSWELL, J.:

The action is to recover on a burglary insurance policy for loss due to alleged theft. The policy was originally issued to one Louis Cohen. It was renewed from time to time and on December 12, 1923, Louis Cohen transferred the policy to the plaintiff, his wife, with the consent of the defendant. The defendant attached a rider to the policy which provided that its consent was " subject however, to all the conditions, agreements and limitations of the policy except as herein specifically provided." There is no exception in this case that changes the effect of the foregoing " subject " clause. The two defenses are founded upon different alleged warranties in the policy claimed by the defendant to still subsist.

The plaintiff claims that when the defendant consented to the transfer of the policy from Louis Cohen to Theresa Cohen, the plaintiff, a new contract arose between the plaintiff and the defendant which was, because of the consent, freed from the warranties contained in the policy when originally issued to Louis Cohen and that these warranties were, therefore, not part of this new contract between the plaintiff and the defendant. If it be assumed that the plaintiff is correct, that a new contract arose between the plaintiff and the defendant at the time said consent was executed and that said new contract of Theresa Cohen was not burdened with any warranties of Louis Cohen as to what had happened with respect to the warranties under that policy prior to the transfer, this still leaves the further question as to what the extent of the new contract was between the plaintiff and the defendant.

The new contract by reason of the " subject " clause included all the warranties contained in the original policy as warranties of the plaintiff with respect to whether or not she had had any insurance declined or canceled and as to whether or not she had sustained any loss or damage by burglary, etc., within five years. (*Ellis* v. *Insurance Company of North America*, 32 Fed. 646; *Virginia-Carolina Chemical Co.* v. *Sundry Ins. Cos.*, 108 id. 451.)

The *Ellis* case is cited by the plaintiff to sustain the proposition that breaches of warranties by the transferer of the insurance policy do not persist after the transfer to the transferee is consented to by the insurance company, but it is also authority for the proposition that the new contract that arises contains all the terms as to the new transferee that were contained in the old original contract issued to the transferer. In other words, the same warranties become applied to the new transferee so far as her experiences are concerned, apart from the experiences of her transferer.

Both defenses attacked relate to the " assured named in the policy referred to in the complaint." That person was the plaintiff, because the new contract which arose when the transfer was consented to is the only policy in existence and under it the plaintiff is the assured by force of the consent and rider which causes her to supersede the original assured, who was plaintiff's husband.

Therefore, as a matter of pleading, apart from the form the proof may take under said pleading, the defenses are sufficient in law.

This makes unnecessary deciding whether or not this plaintiff is burdened with breaches of warranties, if any, of which her husband, the transferer, was guilty.

The motion is denied.